UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No. 17-cr-31-pp

KENNETH CHURCHILL,

    Defendant.

**ORDER DENYING MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. §3582(C)(2) (GUIDELINE AMENDMENT NO. 782) (DKT. NO. 39)**

On February 15, 2017, the defendant signed a plea agreement, admitting to knowingly and intentionally distributing heroin. Dkt. No. 2. The court accepted his guilty plea and found him guilty on March 21, 2017. Dkt. No. 7. On July 17, 2017, the court sentenced the defendant to serve forty months in custody. Dkt. Nos. 30, 31. The court found the defendant responsible for at least 100 grams but less than 400 grams of heroin.

The defendant has filed a motion asking the court to modify or reduce his forty-month sentence. Dkt. No. 39. He refers to several different authorities in support of his request. First, he asks the court to reduce his sentence under 18 U.S.C. §3582(c)(2). That law allows a court to reduce a defendant's sentence if he was "sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." This court sentenced the defendant under the 2016 Sentencing Guidelines. At the time the court sentenced the defendant in July 2017, the offense level for 100 to 400 grams of heroin was 24. The Sentencing

1

Commission has not reduced that guideline since that time. Today, under the 2018 guidelines, the offense level for 100 to 400 grams of heroin remains 24. The defendant is not entitled to a sentence reduction under §3583(c)(2).

The defendant also refers to Amendment 782 in support of his request for a sentence reduction. Dkt. No. 39. In April 2014, the Sentencing Commission voted to reduce the applicable guideline ranges for drug offenses by two offense levels. The amendment that implemented that reduction was Amendment 782; it went into effect on November 1, 2014—over two and a half years *before* the court sentenced the defendant in July 2017. The defendant already has had the benefit of the reduced guideline ranges that resulted from Amendment 782, because they were in effect when the court sentenced him in the summer of 2017. He is not entitled to a reduction under that amendment.

Finally, the defendant says (incorrectly) that §3582(c)(2) and Amendment 782 "made a reduction in the base offense level as of December 21, 2018 when President Trump signed The First Step Act into law . . . ." Dkt. No. 39. Under the federal drug laws, convictions for the possession, manufacture or distribution of certain amounts of certain drugs triggers harsh mandatory minimum sentences. Cocaine base, or "crack" is one of those drugs. Before August 2010, possession of only five grams of cocaine base triggered a mandatory minimum sentence of five years, while it took 100 times that much powder cocaine to trigger the same mandatory minimum. On August 3, 2010, President Obama signed the Fair Sentencing Act of 2010. This law reduced the disparity between the amount of cocaine base and powder cocaine necessary to trigger the mandatory minimums from a ratio of 100:1 to a ratio of 18:1. The law, however, did not apply retroactively to people who were sentenced for crack offenses prior to August 3, 2010.

On December 21, 2018, President Trump signed into law the First Step Act of 2018. Among other things, the First Step Act allows defendants convicted of crack offenses who were sentenced before the Fair Sentencing Act of 2010 went into effect to ask the court to resentence them as if the Fair Sentencing Act had been in effect when they were sentenced. For example, a person sentenced for distributing twenty grams of crack in 2008 faced a mandatory minimum sentence of five years. Under the First Step Act, that defendant now can ask the sentencing court to resentence him as if the Fair Sentencing Act had been in effect in 2008. If the court agreed to do that, he would be resentenced as if no mandatory minimum sentence applied.

The defendant does not qualify for a sentence reduction under the First Step Act. He possessed and distributed *heroin*, not crack. The court sentenced him in 2017, *after* the Fair Sentencing Act went into effect.

The defendant does not qualify for a sentence reduction under any of the authorities he has cited.

The court **DENIES** the defendant's motion for modification or reduction of sentence. Dkt. No. 39.

Dated in Milwaukee, Wisconsin this 25th day of April, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**
